LAW OFFICE OF SANDRA D. PARKER
645 Fifth Avenue, Suite 703
New York, NY 10022
(212) 317-2883
Sandra D. Parker (SP 7024)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RONALD G. KINARD,

                                        Plaintiff,           FIRST AMENDED COMPLAINT
                                                             AND JURY DEMAND

                -against-

                                                                05 CV 10627 (Holwell, J.)

NEW YORK STOCK EXCHANGE, INC.,

                                        Defendants.
-----------------------------------------------------------x

        Plaintiff, Ronald G. Kinard, for his Complaint against the defendant, respectfully alleges as follows:

### JURISDICTION AND VENUE

        1.    This is an action for declaratory judgment, injunctive relief and damages instituted against the defendant, for unlawful employment practices and employment discrimination, based on plaintiff's race and for subjecting plaintiff to a hostile work environment and to redress deprivation of plaintiff's rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution, pursuant to the Civil Rights Act of 1866 (as amended), 42 USC sec. 1981, New York State Human

Rights Law, NY Exec. L. sec. 290 et seq., and New York City Human Rights Law, NYC Admin. Code sec. 8-107 et seq., for subjecting plaintiff to discriminatory treatment based on his age, in violation of NY Exec. L. sec. 290 et seq., and NYC Admin. Code sec. 8-107 et seq., and based on his sexual orientation or perceived sexual orientation, in violation of NY Exec. L. sec. 290 et seq., and NYC Admin Code sec. 8-107 et seq.

2. Jurisdiction over the subject matter of this Complaint is conferred on this Court pursuant to 28 USC sec. 1331, 28 USC sec. 1343, 42 USC sec. 1981, and 29 USC sec. 626. This Court's pendent jurisdiction is invoked pursuant to 28 USC 1367(a). Plaintiff further invokes this Court's jurisdiction pursuant to 28 USC sec. 2201 and 2202.

3. The venue of this action is properly placed in the Southern District of New York, pursuant to 28 USC sec. 1391 as the defendant's principal place of business, and office where plaintiff worked was located in this district, and plaintiff's claims arise in this district.

## PARTIES

4. Plaintiff, Ronald G. Kinard, is an African American male citizen of the United States, and over the age of forty (40). At all times relevant herein plaintiff resided in New York, New York.

5. At all times relevant herein plaintiff was an 'employee' of the defendant, within the meaning of NY Exec. L. sec. 290 et seq., and NYC Admin. Code sec. 8-107 et seq.

6. Upon information and belief, the defendant New York Stock Exchange, Inc. is a corporation organized and existing under the laws of New York State, with its principal place of business located at 11 Wall Street, New York, NY 10005.

7. At all times relevant herein, defendant was an "employer" of plaintiff, within the meaning of NY Exec. L. sec. 290 et seq and NYC Admin. Code sec. 8-107 et seq.

## FACTS

8. Plaintiff began working for the defendant in or about 1974 and continued his employment with the defendant until on or about December 20, 2002, when defendant summarily terminated his employment.

9. During plaintiff's entire tenure with the defendant, he performed all duties and responsibilities of his employment in a satisfactory manner.

10. During plaintiff's entire tenure with the defendant, his performance always was rated satisfactory and he received raises and salary increases, as a result of his job performance. In or about July 1995, plaintiff also was promoted to the position of Supervisor in defendant's Department of Floor Operations.

11. At no time during plaintiff's tenure with defendant was the plaintiff disciplined for not performing his job or for violation of any rules and regulations of the defendant.

12. During plaintiff's entire tenure with the defendant, plaintiff had an

unblemished disciplinary record.

13. Beginning in or about November 2002 and continuing until his termination, on or about December 20, 2002, the defendant engaged in a continuing violation of plaintiff's civil and employment rights, subjected plaintiff to disparate treatment, harassed threatened and intimidated plaintiff, and forced plaintiff to work in a hostile environment.

14. In or about November 2002, defendant allegedly sought from plaintiff information regarding his personal income tax return for 1996.

15. In or about November 2002, after plaintiff requested time to respond to defendant's request for information, the defendant subjected plaintiff to repeated calls and correspondence, threatening plaintiff with disciplinary action, including termination.

16. Instead of giving plaintiff the requested time to obtain and submit the requested information, on or about December 17, 2002, defendant summarily suspended plaintiff's employment.

17. Approximately three (3) days later, on or about December 20, 2002 when plaintiff appeared at the offices of defendant's Human Resources Department, for a meeting and for the announced purpose of providing defendant with information regarding his 1996 personal income tax return, the defendant ignored plaintiff's attempt to provide it with said information, verbally attacked and abused the plaintiff and then summarily terminated his employment.

18. Prior to the December 20, 2005 meeting, plaintiff had informed the

4

defendant that he had not filed a personal income tax return for 1996.

19.     At the December 20, 2005 meeting, plaintiff again informed the defendant that he had not filed a personal income tax return for 1996.

20.     The defendant did not harass and threaten Caucasian employees, employees over the age of 40 or employees based on their sexual orientation or perceived sexual orientation, who requested time to respond to defendant's request for information regarding their personal income tax or other tax related matters.  The defendant did not suspend Caucasian employees, employees over the age of 40 or employees based on their sexual orientation or perceived sexual orientation, from whom defendant allegedly sought information regarding their personal income tax returns, or other tax related matters.

21.     The defendant did not terminate Caucasian employees, employees over the age of 40 or employees based on their sexual orientation or perceived sexual orientation, who did not file or did not timely file personal income tax returns or did not comply with statutory tax requirements or regulations regarding their personal income tax and other tax related matters.

22.     The defendant engaged the above continuing violation of plaintiff's civil and employment rights, because of plaintiff's race, age, sexual orientation and perceived sexual orientation.

## COUNT I

23. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 22 of this Complaint, with the same force and effect as if set forth herein.

24. Defendant discriminated against plaintiff in the terms and conditions of his employment, subjected him to disparate treatment on the basis on his race and forced plaintiff to work in a hostile environment and because of defendant's discriminatory animus directed against plaintiff on account of his race.

25. In so doing, the defendant has denied plaintiff the equal protection of the law, in violation of the Fourteenth Amendment of the Constitution of the United States, and has denied plaintiff the right to make and enforce contracts, as enjoyed by white persons, in violation of 42 USC sec. 1981.

26. As a proximate result of defendant's deprivation of plaintiff's civil rights, defendant has deprived plaintiff of employment opportunities and has caused plaintiff to sustain substantial economic and incidental damages.

27. As a proximate result of defendant's deprivation of plaintiff's civil rights, plaintiff has suffered and continues to suffer substantial losses, including loss of past of future earnings, bonuses, deferred compensation and other employment benefits.

28. As a proximate result of defendant's deprivation of plaintiff's civil rights, plaintiff has suffered and continues to suffer impairment and damage to his good name

6

and reputation.

29. As a proximate result of defendant's deprivation of plaintiff's civil rights, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, emotional distress and other incidental and consequential damages and expenses.

30. The conduct of the defendant was outrageous and malicious, was intended to injure plaintiff, was done with a conscious disregard of plaintiff's civil rights, entitled plaintiff to an award of punitive damages.

## COUNT II

31. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 22 of this Complaint, with the same force and effect as if set forth herein.

32. Defendant's disparate treatment of plaintiff, including termination of his employment, on the basis of his race, age, sexual orientation and perceived sexual orientation, was in violation of NY Exec. L. sec. 290 et seq.

33. As a result of the foregoing, plaintiff has been denied employment. Plaintiff has lost wages, benefits, promotional opportunities and bonuses. Plaintiff has suffered mental anguish, emotional distress and loss of enjoyment of life. Plaintiff has incurred damages thereby.

## COUNT III

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 22 of this Complaint, with the same force and effect as if set forth herein.

35. Defendant's disparate treatment of plaintiff, including termination of plaintiff's employment, on the basis of his race, age, sexual orientation and perceived sexual orientation, was in violation of NYC Admin. Code sec. 8-107 et seq.

36. As a result of the foregoing, plaintiff has been denied employment. Plaintiff has lost wages, benefits, promotional opportunities and bonuses. Plaintiff has suffered mental anguish, emotional distress and loss of enjoyment of life. Plaintiff has incurred damages thereby.

37. The conduct of defendant was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the following relief:

1. A declaration that the acts and practices complained of herein are in violation of 42 USC sec. 1981, NY Exec. L. sec. 290 et seq., and NYC Admin. Code sec. 8-107 et seq.

2. An order, directing defendant to reinstate plaintiff to his former position,

with full seniority and status, with salary increments, back pay and benefits, to same extent that he would have received, but for defendant's unlawful conduct.

3. An order prohibiting defendant from continuing or maintaining the policy, practice and/or custom of denying job benefits and opportunities to employees on the basis of race, sexual orientation, perceived sexual orientation and age.

4. An award to plaintiff of actual damages of no less than $500,000.00, the full amount to be determined at trial for loss wages, benefits and promotional opportunities, including an award of front pay, compensating plaintiff for loss of future salary and benefits.

5. An award of damages in an amount of no less than $500,000.00, the full amount to be determined at trial, to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury.

6. An award of punitive damages of no less than $500,000.00, the full amount to be determined at trial, for defendant's outrageous, malicious and reckless indifference to plaintiff's civil and employment rights.

7. An order enjoining defendant from engaging the wrongful acts and practices complained of herein.

8. An award of pre-judgment and post-judgment interest.

9. An award of reasonable attorney's fees and costs of this action.

10. Such other and further relief, as this Court may deem just and proper.

Pursuant to Fed. R. Civ. Proc. 38, plaintiff demands a trial by jury of all issues of fact in this action.

Dated:    New York, New York
          February 9, 2006

                                                LAW OFFICE OF SANDRA D. PARKER

                                                By: _____
                                                    Sandra D. Parker (SP7024)
                                                      645 Fifth Avenue, Suite 703
                                                      New York, NY 10022
                                                      (212) 317-2883
                                                      Attorney for Plaintiff

Form 07 - CORPORATION

SANDRA D. PARKER ESQ.
ATTN:

U.S. SOUTHERN DIST. COURT      NEW YORK COUNTY

---

RONALD G. KINARD,                           plaintiff

              - against -

NEW YORK STOCK EXCHANGE, INC.               defendant

Index No. 05CV10627

Date Filed ............

Office No.

Court Date:   /  /

---

STATE OF NEW YORK, COUNTY OF NEW YORK          :SS:

**JAMAR MCINTOSH** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **10th** day of **February, 2006** at **03:15 PM.**, at

    11 WALL ST
    NEW YORK, NY 10005

I served a true copy of the
    SUMMONS, COMPLAINT AND FIRST AMENDED COMPLAINT
    JURY DEMAND AND INITIAL SCHEDULING CONFERENCE &
    NOTICE OF ORDER
    JUDGES RULES

upon **NEW YORK STOCK EXCHANGE, INC.**
**a domestic corporation, the DEFENDANT** therein named by delivering to, and leaving personally with
    **CHRISTINE KELLEY---LEGAL CLERK & GENERAL AGENT**

a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

    SEX: **FEMALE**      COLOR: **WHITE**      HAIR: **BROWN**
    APP. AGE: **45**      APP. HT: **5:3**      APP. WT: **100**

OTHER IDENTIFYING FEATURES: **GLASSES**

Sworn to before me this
13th day of February,        2006i

KENNETH WISSNER
Notary Public, State of New York
No. 31-4714130
Qualified in NEW YORK COUNTY
Commission Expires 03/30/2006

......................
JAMAR MCINTOSH  1172728
AETNA  CENTRAL  JUDICIAL  SERVICES
225 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 7SDP1923765